UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Case No.:

JULIETH HENAO,

                            Plaintiff,

       -against-

BRIAD WENCO LLC D/B/A "WENDY'S
RESTAURANT" ("WENDY'S"), THE WENDY'S
COMPANY, and RICHARD DOE, *individually*,

                            Defendants.

---------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff JULIETH HENAO ("Plaintiff"), by and through her attorneys, PHILLIPS &

ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

**NATURE OF THE CASE**

1. Defendant BRIAD WENCO LLC d/b/a "WENDY'S RESTAURANT" ("Franchisee
   Defendant" or "WENDY'S") owns, operates or controls a fast-food restaurant located at
   72-32, Broadway, Flushing, NY 11372, operating under the trade name "Wendy's."

2. Franchisee Defendant is franchised to operate a Wendy's restaurant under contract with
   Defendant THE WENDY'S COMPANY ("Franchisor Defendant" or "THE WENDY'S
   COMPANY").

3. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42
   U.S.C. § 2000e, the New York State Human Rights Law ("NYSHRL"), New York State
   Executive Law § 296, et seq.; the New York City Human Rights Law ("NYCHRL"), the
   New York City Administrative Code § 8-502(a), et seq. Plaintiff seek damages to redress
   the injuries Plaintiff has suffered as a result of being discriminated against based on their
   sex/gender, sexually harassed, and otherwise subjected to a hostile work environment on

the basis of their sex/gender.

## **JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES**

1.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

2.     The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York, or the acts complained of occurred therein. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on _____; (b) receiving a Notice of Right to Sue from the EEOC on _____; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff have satisfied all of the procedural prerequisites for the commencement of the instant action.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, et ano., is annexed hereto as Exhibit B.

## **PARTIES**

4.     That at all times relevant hereto, Plaintiff JULIETH HENAO ("Plaintiff HENAO") is a female and a resident of the State of New York and the County of Queens.

5.      That at all times relevant hereto, Franchisee Defendant WENDY'S RESTAURANT ("WENDY'S") was and is a domestic limited liability company operating in the State of New York.

6.      Upon information and belief, Franchisee Defendant WENDY'S owns and/or operates a location at 72-32 Broadway, Flushing, New York 11372, in Queens County, State of New York ("restaurant location").

7.      At all times relevant, Franchisor Defendant was and is a business corporation that has a principal place of business at One Dave Thomas Boulevard, Dublin, OH 43017.

8.      Upon information and belief, Franchisor Defendant grants franchises to operate Wendy's restaurants and grants sublicenses to franchisees to use the Wendy's trademarks.

9.      At all relevant times, Franchisor Defendant was an employer of Plaintiff within the meaning of Title VII, the NYSHRL, and the NYCHRL.

10.     Facts which demonstrate that Franchisor Defendant was Plaintiff's employer include, but are not limited to, the following:

    a.  Franchisor Defendant permitted Plaintiff to work;

    b.  Franchisor Defendant has an economic interest in the Wendy's location in which Plaintiff worked;

    c.  Franchisor Defendant benefitted from Plaintiff's work;

    d.  Franchisor Defendant had either functional and/or formal control over the terms and conditions of Plaintiff' work;

    e.  Plaintiff performed work integral to Franchisor Defendant's operation.

11.     Upon information and belief, Defendants WENDY'S and THE WENDY'S COMPANY ("Corporate Defendants"), are joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

12.     By way of a first example, Franchisee Defendant WENDY'S had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiff' services.

13.     By way of a second example, upon information and belief, Franchisor Defendant THE WENDY'S COMPANY controls and/or approves the appointment and training of management level employees of Franchisee Defendant WENDY'S. Training for the management team is accomplished through a four to six month training program conducted by Franchisee Defendant's training personnel. The training program consists of: in-restaurant training, classroom training and regional orientations.

14.     By way of a third example, upon information and belief, Franchisor Defendant THE WENDY'S COMPANY maintains and/or oversees Franchisee Defendant WENDY'S point of sale ("POS") system.

15.     By way of a fourth example, upon information and belief, Franchisor Defendant THE WENDY'S COMPANY supervises the opening of Wendy's franchises, including the opening of Franchisee Defendant WENDY'S restaurant.

16.     By way of a fifth example, upon information and belief, Franchisor Defendant THE WENDY'S COMPANY imposes operation restrictions on Franchisee Defendant WENDY'S restaurant, including but not limited to, restaurant operations, marketing, restaurant development, quality assurance, and government relations.

17.    Upon information and belief, Franchisee Defendant WENDY'S restaurant employed at least fifteen (15) or more employees.

18.    That at all times relevant hereto, Plaintiff were employees of Defendant WENDY'S.

19.    At all times relevant, RICHARD DOE ("Defendant DOE") was employed by Franchisee Defendant WENDY'S restaurant as a manager.

20.    That at all times relevant hereto, Defendant DOE had supervisory authority over Plaintiff. Defendant DOE had the authority to hire, fire, or affect the terms and conditions of Plaintiff' employment, or to otherwise influence the decisionmaker of the same.

21.    That at all times relevant hereto, Defendant WENDY'S AND Defendant DOE are collectively referred to herein as "Defendants."

**MATERIAL FACTS**

22.     From on or about September 6, 2021, until on or about September 23, 2021, Plaintiff HENAO was hired as a cook/ "sandwich preparer" at Defendant WENDY'S restaurant located at 72-32 Broadway, Flushing, New York 11372.

23.     Since the beginning of Plaintiff HENAO's employment, Defendant DOE would make inappropriate comments to Plaintiff HENAO.

24.     Defendant DOE often inappropriately asked about Plaintiff HENAO's relationship status, by stating in sum and substance, "You are beautiful, do you have a boyfriend?" in a suggestive manner as he stared at her up and down while smiling.

25.     On several occasions, Defendant DOE would make inappropriate comments to Plaintiff HENAO while in the presence of other Defendant WENDY'S employees. On one such occasion, Plaintiff HENAO was searching for a male co-worker, and Defendant DOE responded that the co-worker was in the bathroom masturbating to the idea of Plaintiff HENAO, as he made a hand gesture demonstrating the act.

26.     Plaintiff HENAO was disturbed and embarrassed by these comments and actions made by Defendant DOE, especially since they were made in front of other employees at this restaurant location.

27.     On or about September 7, 2021, the sexual harassment of Plaintiff HENAO escalated. As Plaintiff HENAO performed her work duties at her workstation, Defendant DOE appeared behind Plaintiff HENAO and reached for a chicken patty, when suddenly Defendant DOE pressed his body and penis against her backside.

28.     Plaintiff HENAO went into a state of shock and started shaking.

29.     Plaintiff HENAO proceed to push Defendant DOE away with her elbow and asked him not to touch her again. He laughed and acted normal as if nothing had occurred.

30.     Plaintiff HENAO then informed her supervisor, Erna Zambrano, about Defendant DOE's behavior.  No action appeared to be taken.

31.     Plaintiff HENAO's complaints were ignored, and she was told that Defendant DOE's personality was like that, and she should just ignore it.

32.     Plaintiff HENAO thought this was unfair. She felt betrayed by Defendant WENDY'S failure to protect her from Defendant DOE's patently unlawful behavior.

33.     Throughout Plaintiff HENAO's employment, Defendant DOE continued to harass and make inappropriate comments. Plaintiff was crushed and offended by Defendant DOE's continued abrasive comments.

34.     On or around September 17, 2021, Plaintiff approached Teresa Doe, a manager employed at this restaurant location by Defendant WENDY's. Plaintiff informed Ms. Doe of the sexual harassment and discrimination that they were suffering in the hands of Defendant DOE.

35.     After hearing Plaintiff' complaints, Ms. Doe stated that she appreciated that Plaintiff spoke to her, but "there is not much you could do" that they "shouldn't do anything" and that "he is like that."

36.     Ms. Doe advised Plaintiff to not attempt to complain because "he has behaved this way before," "I've witnessed it myself," and that no actions would be taken because Defendant DOE dates the restaurant location supervisor, Erna Sembrano.

37.     Plaintiff felt betrayed by Defendant WENDY'S failure—and even refusal—to protect her from Defendant DOE's patently unlawful behavior.

38. Plaintiff was very scared and fearful that Defendant DOE would retaliate against them for going to speak with Ms. Doe, so they decided to take a day off on or around September 23, 2021.

39. Overwhelmed with the fear and distress from their sexually harassing environment and seeing that their supervisors were taking no action against their harasser, Plaintiff formally resigned on or about September 23, 2021.

40. Following their resignations, Ms. Doe called Plaintiff and informed them that Defendant DOE "has been doing this for three (3) to four (4) years."

41. Plaintiff has been humiliated and offended and remain terrified of further sexual assault and abuse from Defendant DOE.

42. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff' work environment.

43. **Plaintiff were discriminated and harassed by Defendants, solely due to their sex/gender (female).**

44. But for the fact that Plaintiff is female, Defendants would not have treated them differently.

45. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

46. The above are just some of the ways Defendants discriminated and sexually harassed Plaintiff while employing them.

47. Corporate Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant DOE.

48. Plaintiff's performance was, upon information and belief, exemplary during the course of their employment with Defendants.

49.   Plaintiff has been unlawfully discriminated against, sexually harassed, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

50.   As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress.

51.   As a result of the acts and conduct complained of herein, Plaintiff have suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff have further experienced severe emotional stress.

52.   As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

53.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

54.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

55.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendant. Plaintiff complain of Corporate Defendant's violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employees' sex/gender (female).

56.     Corporate Defendant engaged in unlawful employment practices prohibited by 42 U.S.C.

§ 2000e et seq., by discriminating against Plaintiff because of their sex/gender (female).

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendant)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this complaint.

58.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because
> [s]he has opposed any practice made an unlawful employment
> practice by this subchapter, or because [s]he has made a charge,
> testified, assisted or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

59.     Corporate Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §

2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or

privileges of employment because of their opposition to the unlawful employment practices

of the Corporate Defendants.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

60.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

61.     Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an
> employer or licensing agency, because of an individual's age, race,
> creed, color, national origin, sexual orientation, military status, **sex**,
> disability, predisposing genetic characteristics, marital status, or
> domestic violence victim status, to refuse to hire or employ or to bar

10

> or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

62. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of their sex/gender (female).

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

65. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of their opposition to the unlawful employment practices of the Defendants.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in

11

compensation or in terms, conditions or privileges of employment."
(emphasis added).

68.   Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff because of their sex/gender

(female).

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

70.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discriminate against any person because

such person has opposed any practices forbidden under this chapter. . ."

71.   Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's

opposition to the unlawful employment practices of the Defendants.

## AS A SEVENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## (Against Defendant DOE)

72.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this complaint.

73.   By his actions as set forth above, Defendant DOE subjected Plaintiff to sexual harassment

and assault. Defendant DOE intentionally subjected Plaintiff to the fear of harmful and/or

offensive physical contact. Defendant DOE further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

74.     As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained damages.

75.     Plaintiff is entitled to the maximum amount allowed under this doctrine.

## JURY DEMAND

76.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.     Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of their sex/gender, and assaulted and battered Plaintiff;

B.     Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to their reputation in an amount to be proven;

C.     Awarding Plaintiff punitive damages;

D.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
        August 31, 2022

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: _____/s/_____

Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
sclark@tpglaws.com

14